IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| DANIEL RIVERA, | * | |
| Plaintiff, | * | |
| v. | * | Civ. No. L-09-01141 |
| MARVIN MILLER, et al. | * | |
| Defendants. | * | |

*************

## MEMORANDUM

Now pending is Plaintiffs' Motion to Remand to State Court. The parties have fully briefed this issue and no hearing is necessary. See Local Rule 105.6 (D. Md. 2008). For the reasons stated below, the Court will, by separate Order, GRANT Plaintiffs' motion.

## I.     FACTUAL BACKGROUND

On February 10, 2005, Plaintiff Daniel Rivera filed suit against Defendants Marvin Miller and N. Miller Landscaping, Inc. for unpaid and underpaid wages. The original complaint was filed in the Circuit Court for Baltimore County and was removable to federal court because it sought relief under the Fair Labor Standards Act ("FLSA").

Rivera filed a First Amended Class Action Complaint on December 27, 2005. On May 30, 2006, he filed a Second Amended Class Action Complaint and identified Neil Miller, Northwest Recycling LLC, and Bohica LLC as additional defendants. Following the deposition of Neil Miller—during which significant new evidence was obtained—Rivera filed a Third Amended Class Action Complaint on April 3, 2009. The Third Amended Complaint added Ruubee LLC, Miller Tree Service, Inc., Julia Miller, Ruth Miller, Jodi Hammerman Taylor, and

Michelle Benbow as additional defendants. While additional defendants were added, the Third Amended Complaint did not alter the underlying nature of the suit.

The newly added Defendants removed the case to federal court on May 4, 2009. The previously named Defendants consented to that removal. Rivera now argues that the case should be remanded back to state court.

## II.     ANALYSIS

The federal removal statute, 28 U.S.C. § 1446, provides in relevant part that "[t]he notice of removal of a civil action of proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action of proceeding is based."

To determine whether removal is timely in a case involving multiple defendants, the Fourth Circuit follows McKinney v. Bd. of Tr. Of Md. Cmty. Coll., 955 F.2d 924 (4th Cir. 1992), which held that "individual defendants have thirty days from the time they are served with process or with a complaint to join in an otherwise valid removal petition." Id. at 928. While McKinney did not address a first-served defendant who failed to file a timely notice of removal, the Fourth Circuit addressed that scenario in a footnote, noting that "'the law is settled' as to whether a later served defendant ('B') can properly remove if served more than thirty days after the first served defendant ('A'): 'if A does *not* petition for removal within 30 days, the case may not be removed.'" Ford v. Baltimore City Dep't of Soc. Serv., 2006 WL 3324896, at *1 (D. Md. Nov. 13, 2006) (quoting McKinney, 955 F.2d at 926, n.3).

Applied to the instant situation, McKinney dictates that this case be remanded back to the Circuit Court for Baltimore County. The original defendants had the option of removing the case in 2005 and chose not to. Their failure to file a timely notice of removal "destroys the unanimity

requirement and precludes the possibility of removal by later-served defendants." Ford, 2006 WL 3324896, at *2. Defendants argue that this Court should adopt the more liberal "last-served" defendant rule followed by the Sixth and Eighth Circuits. See Marano Enter. v. Z-Teca Rest., L.P., 254 F.3d 753, 757 (8th Cir. 2001); Brierly v. Alusuisse Flexible Packaging, Inc., 183 F.3d 527, 533 (6th Cir. 1999). The Fourth Circuit has not, however, overturned McKinney and the Court chooses to align itself with this District's prior decisions, each of which has reaffirmed the "first-served" defendant rule. See Ford, 2006 WL 3324896, at *1; Jackson v. John Akridge Mgmt. Co., 2006 WL 66669, at *2 (D. Md. Jan. 9, 2006); Gee v. Lucky Realty Homes, Inc., 210 F. Supp 2d 732, 734 (D.Md. 2002).

Furthermore, fairness dictates that this case be remanded back to state court. As Judge Blake succinctly stated, "permitting removal at this point would provide the defendant with an unfair tactical advantage and would waste judicial resources, undermining the purpose of the thirty-day procedural requirement." Ford, 2006 WL 3324896, at *2 (citing Lovern v. Gen Motors Corp., 121 F.3d 160, 163 (4th Cir. 1997)). Here, the case has been proceeding in state court for over four years and it would be an incredible waste of state judicial resources to transfer it to federal court at this time. Accordingly, the Court will remand the case back to the Circuit Court for Baltimore County.

**III. CONCLUSION**

For the foregoing reasons, the Court will, by separate order GRANT Plaintiffs' Motion to Remand to State Court.

Dated this 29th day of July, 2009.

_____/s/_____
Benson Everett Legg
Chief Judge