IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|                        |   |                  |
|------------------------|---|------------------|
| DANIEL RIVERA,         | * |                  |
|                        | * |                  |
| Plaintiff,             | * |                  |
|                        | * |                  |
| v.                     | * | Civ. No. L-09-01141 |
|                        | * |                  |
| MARVIN MILLER, et al.  | * |                  |
|                        | * |                  |
| Defendants.            | * |                  |
|                        | * |                  |

*************

## **MEMORANDUM**

Now pending is plaintiff's motion for an award of $25,000 as sanctions.[1] (Docket Nos. 34 and 37). Daniel Rivera[2] contends that (i) defendants' removal of this action to federal court was wrongful, thereby increasing the costs of litigation, and (ii) that throughout this litigation defense counsel and their clients have engaged in abusive, dilatory tactics. The matter has been briefed to the extent necessary and no hearing is necessary. See Local Rule 105.6 (D. Md. 2008). For the reasons stated herein, the motion will, in a separate order, be DENIED.

On February 10, 2005, Rivera filed suit in the Circuit Court for Baltimore County against defendants Marvin Miller and N. Miller Landscaping Inc. for unpaid and underpaid wages. Because the case involves a federal question, the defendants could have removed the case to federal court had they done so within 30 days+ of service. See 28 U.S.C. 1446(b). The time limit for removal expired, however, and the case remained in state court.

In 2009, Rivera amended his complaint to add six new defendants. The new defendants removed the case to this Court on May 4, 2009. Rivera moved to remand. In a Memorandum

---

[1] Plaintiffs' seek sanctions pursuant to Rule 11, 28 U.S.C. 1447 (c), and 28 U.S.C. 1927.

[2] Rivera is suing on behalf of himself and all similarly situated employees.

and Order of July 29, 2009, the Court granted the plaintiff's motion and remanded the action to state court. As explained in the Court's opinion, the Fourth Circuit follows the "first-served defendant" rule. If the original defendants fail to remove, then defendants added after the 30 day time limit has expired may not do so. See McKinney v. Bd. Of Tr. Of Md. Cmty. Coll., 955 F.2d 924, 926, n.3 (4th Cir. 1992).

Rivera contends that defendants' removal was frivolous because it flew in the face of the Fourth Circuit's settled adherence to the "first-served defendant" rule. The Court disagrees. It is true that defendants' removal effort faced an uphill battle. Nevertheless, the removal did not contravene Rule 11. Two Circuits, the Sixth and the Eighth, have adopted the more liberal "last-served defendant" rule. So, such a reading of the statute is hardly unreasonable.

Moreover, a well-respected district judge of this circuit has concluded a supervening Supreme Court permits a district court to adopt the "last-served defendant" rule. See Ratliff v. Workman, 274 F. Supp.2d 783, 789-91 (S.D.W.Va 2003). While this Court disagrees with Ratliff, its reasoning is thoughtful and principled. See discussion in Ford v. Baltimore City Dept. Soc. Serv., 2006 WL 3324896 (D. Md. Nov. 13, 2006). Accordingly, defendants are not subject to sanctions for removing the instant case.

In the remainder of his motion, Rivera asserts that this Court, because it had jurisdiction over the case for a brief time, should look over the state court's shoulder and sanction defendants and defense counsel for their past and present misconduct. The Court rejects this argument. The case has been and is now lodged in the Circuit Court for Baltimore County. An application for sanctions should be filed there.

In passing, the Court notes that Rivera filed a Plaintiffs' Reply in Support of Plaintiffs' Petition For Costs And Motion For Sanctions. The bulk of this nine page document consists of

verbatim passages lifted from Plaintiffs' Motion For Sanctions. This is an improper use of a reply memorandum. A reply memorandum should address the points made in the opposition. It may not merely repeat, verbatim, text from the original motion. Counsel are directed to adhere to this principle in the future.

Dated this 30th day of March, 2010.

                                                       _____/s/_____
                                                       Benson Everett Legg
                                                       United States District Judge